

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RICHARD JAMES JOHNSON, §
§
　　　　Petitioner, §
§
v. § 2:14-CV-123
§
WILLIAM STEPHENS, §
Director, Texas Dep't of Criminal Justice, §
Correctional Institutions Division, §
§
　　　　Respondent. §

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR WRIT OF HABEAS CORPUS

In this habeas corpus proceeding, petitioner RICHARD JAMES JOHNSON challenges a prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

### I.
### PROCEEDINGS

Petitioner challenges a prison disciplinary conviction. Petitioner is presently incarcerated pursuant to (1) a 2000 conviction for burglary of a habitation out of Angelina County, Texas, Cause Number 21,459, in which petitioner was assessed thirty years imprisonment, and (2) a 2000 conviction of escape, Cause Number 21,712, in which petitioner was assessed a ninety-nine year term of imprisonment. Petitioner was found guilty in disciplinary cause number 20140239507 of possessing an

altered property registration form and possession of contraband. DHR at 1–2, 8. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. The case was originally tried as case number 20140182707, but the guilt and punishment findings were overturned during the grievance appeal process because the disciplinary hearing officer (DHO) failed to note his justification for not allowing several questions to be asked during the hearing. DHR, at 17. On May 5, 2014, petitioner was retried and was again found guilty. DHR, at 1. The following punishment was assessed: (1) 45 days loss of commissary and recreation privileges; (2) a line-class hold at L3; and (3) a loss of 90 days of good-time credit. DHR, at 1. As of the date the instant habeas petition was filed, petitioner remained incarcerated in the Clements Unit.

Petitioner has requested the Court overturn his disciplinary case. Petitioner presents three issues: (1) denial of an impartial decision maker; (2) suppression of exculpatory evidence; and (3) no evidence supported the decision. Pet. for Writ of Habeas Corpus by Person in State Custody, ECF No. 3, at 6–7.

For the reasons stated below, the Court find petitioner's allegations do not rise to the level of constitutional violations, and the undersigned United States Magistrate Judge recommends the petition be DENIED.

## II.
## MERITS

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974). If a prisoner contends he has been deprived of his liberty without due process of law, he may seek relief in federal court via a habeas corpus petition. *Wolff*, 418 at 557, 94 S. Ct. at 2975.

When the State of Texas created a right to good-time credit and recognized that its

revocation is an authorized sanction for misconduct, "a prisoner's interest therein became embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Because federal habeas corpus is meant to redress the violation of a liberty interest, when a habeas claim is brought in the context of a challenge to a prison disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and must have received a punishment sanction which included a forfeiture of previously accrued good-time credits. *Id.* Otherwise, no liberty interests are implicated and any claims brought in habeas corpus are not cognizable.

The practical consequence of this rule is that a prisoner may not challenge in federal habeas corpus the loss of recreation or commissary privileges. *Sandin v. Conner*, 515 U.S. 474, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). He may not challenge his confinement to administrative segregation. *Sandin*, 515 U.S. at 473. He may not challenge a change in his time-earning status, as the Fifth Circuit has specifically held, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Consequently, petitioner JOHNSON may only challenge the 90-day forfeiture of accrued good time.

## III.

## DENIAL OF IMPARTIAL DECISION MAKER

Petitioner Johnson contends he was denied an impartial decision maker because the DHO at the second hearing was the same one as at the original hearing. Pet., at 6.

Respondent correctly states in his response that a prisoner is indeed entitled an impartial decision maker. *See Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). To succeed on such a claim, however, petitioner must show the actions taken "presented such a hazard of arbitrary decision making that it should be held violative of due process law." *Id.* Further, "the extent of impartiality required in prison disciplinary proceedings must be gauged with due regard to the fact that they 'take place in a closed, tightly controlled environment' in which '[g]uards and inmates co-exist in direct and intimate contact.'" *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984) (quoting *Wolff v. McDonnell*, 418 U.S. 561–62). The standard of review remains one of whether the disciplinary proceeding was "arbitrary and capricious," or an abuse of discretion. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Johnson asserts many instances he contends show bias of the DHO, but none of his allegations show the DHO was actually biased. Nothing in the audio recordings or the records from the disciplinary hearing indicates the DHO was biased and in fact shows the DHO stated petitioner would be given a fair hearing toward the beginning of the hearing and he considered the evidence presented.

As respondent points out, it is not atypical in the judicial system for a judge to hear a case that has been remanded for error. Similarly, the fact that the same DHO conducted the rehearing after the first disciplinary hearing was overturned is not sufficient to show bias and or prove the hearing was arbitrary and capricious. The DHO's finding of guilt relied on the evidence and

testimony presented, and nothing presented by petitioner shows otherwise.

Petitioner's claim that he was not provided an impartial decision maker should be denied.

IV.

SUPPRESSION OF EXCULPATORY EVIDENCE

Petitioner asserts exculpatory evidence was suppressed because the alleged contraband was not presented at the hearings and it would have shown the items were not in petitioner's possession or were not contraband. Petition, ECF No. 3, at 6.

Setting aside the issue of whether a petitioner in a disciplinary proceeding is entitled to exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding a prosecutor's failure to turn over favorable evidence that is material to guilt or punishment is a violation of Due Process), petitioner's claim is without merit. He fails to show how the physical production of the evidence at the hearing would have shown he was not in possession of it at the time the infraction occurred or how he was prejudiced by the absence of the contraband and/or its not being offered into evidence. He asserts that some of the items belonged to other inmates, but the charging officer acknowledged this. DHR at 3, 5–6, 8, 10. Testimony was given that petitioner could not have rightfully obtained the stamps because he did not go to the store. *Id.* at 6. TDCJ defines contraband, among other things, as "Any item not allowed when the offender arrived at . . . TDCJ, not given or assigned to an offender by . . . TDCJ, and not bought by an offender for their use from the commissary." Texas Department of Criminal Justice Disciplinary Rules and Procedures for Offenders Handbook, Level 2 Offenses, at 16.0, https://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf, (February 2015). Accordingly, even if the items had been gifted to him by another inmate without authorization from TDCJ, the items would still be considered contraband in petitioner's

possession. Further, ownership of the items in question was not the issue; rather, it was whether petitioner had possession of the items.

Petitioner fails to show how the physical presence of the evidence was material. The evidence presented supported the DHO's findings.

Accordingly, this ground for error fails.

V.

NO EVIDENCE

Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos*, 41 F.3d at 234. The federal court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

Petitioner claims no evidence supported the decision because "On the rehearing - Charging officer claims to have destroyed all evidence." Petition, ECF No. 3, at 7.

The government first argues that this claim is procedurally barred because petitioner failed to exhaust his administrative and state-court remedies. Resp.'s Answer with Br. in Supp., at 13–14. While there may be some merit to the argument that a failure to exhaust administrative remedies through the grievance process may procedurally bar a claim from review, this Court has reviewed the claim and finds it is substantively without merit.

The record contains the charging officer's report and testimony. The offense report indicates petitioner had headphones with another inmate's TDCJ number, nine photos that had other inmates' names or numbers on them, an eye glass lens, and stamps that could not have been purchased by petitioner as he did not go to the store. DHR, ECF No. 20–2, at 10. The document further indicates that petitioner had a photo copy of one of his original property forms that had been altered to add a

radio and serial number.

The Court's role in these types of cases is limited to determining whether there is "any evidence at all" supporting the determination of guilt. *Id.* In this case, there was some evidence indicating petitioner was guilty of having items that were not his or for which he was unauthorized to posses or alter. During a targeted cell search, the alleged items of contraband were found. DHR at 27. Petitioner need not have had the items on his person. Courts have found that constructive possession is sufficient evidence in a disciplinary case where possession or ownership is at issue. *See Glannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010) (per curiam) (holding that contraband found in an area shared by six inmates was "some" evidence to show constructive possession).

This ground of error is without merit and should be denied.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner RICHARD JAMES JOHNSON be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _20th_ day of April, 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).